UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA  )  | |
| )  | CRIMINAL NO. 05-10142-JLT |
| v.  ) | |
| ) | |
| ALVIN CAMPBELL  ) | |
| ) | |

**DEFENDANT ALVIN CAMPBELL'S MOTION TO SUPPRESS EVIDENCE**

Now comes the defendant, ALVIN CAMPBELL, and moves this Honorable Court to exclude from trial of this matter any evidence obtained as a result of the search performed on March 19, 2005 without a warrant and without probable cause to search. As grounds thereof, defendant states the following, as well as relying on the facts set forth in his accompanying affidavit and memorandum of law:

1. Alvin Campbell was stopped by a marked MBTA cruiser at approximately 12:05 a.m. on March 19, 2005 for exceeding the speed limit.[1] Officer Ryan, who conducted the traffic stop, requested State Police assistance after initially speaking with Mr. Campbell and requesting his license and registration.

2. Two Massachusetts State Troopers – Trooper Ferrari and Trooper McGowan – arrived on the scene shortly after Mr. Campbell had been pulled over. Both Mr. Campbell and his passenger, William C. Cook, were told to exit the vehicle and were then handcuffed and pat frisked. At that time, the vehicle was searched and two plastic bags containing a green leafy substance were found, as well as a loaded 9 mm magazine. The loaded 9 mm magazine was found on the passenger side floor board, where Mr. Cook had been seated.[2]

---

[1] Defendant Campbell concedes, for the purposes of this motion, that he was lawfully pulled over for driving in excess of the posted speed limit.

[2] Mr. Campbell does not challenge this initial search of the vehicle, as he concedes the officers were lawfully conducting a protective sweep.

3. Upon discovery of the green leafy substance and the loaded 9 mm magazine, Mr. Campbell and Mr. Cook were placed under arrest for possession of a class D substance (marijuana) and each man was placed in a separate marked police cruiser.

4. After placing both Mr. Campbell and Mr. Cook – both of whom were in handcuffs – in the back of police cruisers, officers continued searching the vehicle. At that time, Officer Ryan opened the locked glove compartment[3] and found two more bags of a green leafy substance and a loaded 9 mm Smith and Wesson semi-automatic handgun.

5. An MBTA Transit Officer – Officer O'Loughlin – then arrived on scene and took custody of Mr. Campbell. After Mr. Campbell had been placed in the back of the cruiser, Sergeant McCarthy of the State Police K-9 unit arrived and conducted a more in depth search of the vehicle with a police dog. No additional contraband was found.

6. Trooper Staco and Sgt. Rosario from the MBTA Transit Police also arrived on the scene to "assist with the investigation" and the bagging of the evidence.

7. During the search following his arrest, Trooper McGowan found $2202.00 in United States currency in Mr. Campbell's possession. Finally, during an inventory search of the vehicle – conducted after it had been towed to MBTA Transit Police Headquarters – one marijuana cigarette was found inside Mr. Campbell's jacket pocket. The jacket was found in the trunk of the car.

8. Alvin Campbell was charged with possession of a firearm after being arrested on March 19, 2005.

9. The exclusionary rule requires that the firearm retrieved through the illegal search be suppressed from Defendant's trial.

10. Alvin Campbell has standing to challenge the admissibility of the firearm.

---

[3] Contrary to the information contained in the police report, the vehicle registration had not been located in the locked glove compartment; rather, it was located in an unlocked center console. See Campbell Affidavit, ¶ 4.

**WHEREFORE**, Defendant Alvin Campbell's Motion to Suppress must be granted to preserve his Fourth Amendment right to be free from unreasonable search and seizure.

Respectfully submitted,
**ALVIN CAMPELL,**
By his attorney,

/s George F. Gormley

George F. Gormley (BBO # 204140)
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750

**Dated:** December 16, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                                                     CRIMINAL NO. 05-10142-JLT

v.
                                 )
ALVIN CAMPBELL           )
                                 )

## AFFIDAVIT OF ALVIN CAMPBELL

Now comes ALVIN CAMPBELL, and on oath, does depose and say as follows.

1      I am the defendant in the above-captioned matter.

2      On Saturday, March 19, 2005, at approximately midnight, I was traveling on Route 95 Southbound in a black Lexus with Massachusetts Registration 9797 YL. Kat Phommathet had allowed me to use the car earlier that day. I understood the vehicle was leased or owned by her mother. At the time that the Lexus was pulled over, I was driving and William Cook was in the front passenger seat. We were the only two individuals in the vehicle.

3.     In response to an MBTA police cruiser pulling up behind me with its emergency lights and sirens on, I pulled to the side of the road.

4      As requested, I produced my operator's license and the automobile registration for the MBTA police officer. I obtained the registration from the unlocked center console of the vehicle and received the police officer's direction to remain within the car.

5.     I remained in the car for a period of time until becoming concerned about the length of the delay. I left "my" vehicle and approached the MBTA police cruiser. I was then directed to return to and get in "my automobile," which I did.

6.     Sometime later, two Massachusetts State Troopers arrived at the scene where I was pulled over. Both Mr. Cook and I were asked to get out of the vehicle, and both of us were then handcuffed and pat frisked.

7      Mr. Cook and I were both outside the vehicle and in handcuffs at the time the state police officers searched the car. I understand that the police officer located some

green, leafy substance within the vehicle as well as an ammunition clip (apparently containing ammunition) found within the passenger door "boot" and both Mr. Cook and I were placed under arrest for possession of marijuana and placed separately in the back of two marked Massachusetts State Police cruisers. Despite the fact that we were cuffed and in police cars, the troopers continued to search the vehicle.

8  At this juncture, I was transferred to an MBTA cruiser and taken to an MBTA police station for booking.

9  I learned later that a firearm had been found in the locked compartment (located in the dashboard immediately forward of the passenger seat) of the Lexus.

10  I had not opened, locked or unlocked the front glove box at any time while had possession of the vehicle.

Through multiple conversations with my attorney, George F. Gormley, I have come to learn that I have a Fourth Amendment right to be free from unreasonable searches and seizures. I believe that my Fourth Amendment rights were violated on March 19, 2005.

12  I have also come to learn that, in order to challenge the use of this firearm against me, I must claim possession of the gun.

13  I have also been notified of my Fifth Amendment right to be free from self-incrimination.

14  It is my understanding that I will be able to claim that I possessed the gun solely for the purpose of challenging the search on the night of March 19, 2005. I further understand that this admission cannot be used against me at trial for the purpose of finding guilt and that my Fifth Amendment rights will be preserved, unless I choose to take the stand at trial.

15  Based on the foregoing, I possessed the firearm found during the search of the Lexus on March 19, 2005.

16  I hereby object to the use of this admission for any other purpose except for establishing standing for my claim that my Fourth Amendment rights were violated.

**SIGNED AND SUBSCRIBED UNDER THE PAINS AND PENALTIES OF PERJURY**

THIS __10__ DAY OF __DEC__, 2005.

*[signature]*
ALVIN CAMPBELL