UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 05-10142-JLT |
| v. | ) | |
| | ) | |
| ALVIN CAMPBELL | ) | |
| | ) | |

**DEFENDANT ALVIN CAMPBELL'S SENTENCING MEMORANDUM**

Now comes defendant ALVIN CAMPBELL, through counsel, and hereby submits this Memorandum in preparation for his sentencing.

**I.   Mr. Campbell's Position Regarding his Guideline Sentencing Range, Without Reference to Departures**

As set forth in the Presentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 57 to 71 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the base offense level (BOL) attributable to Mr. Campbell is 20 since the defendant committed the instant offense subsequent to sustaining a felony conviction for a crime of violence. The base offense level is then adjusted by four (4) points based on the fact that Mr. Campbell possessed a firearm along with 171.03 grams of marijuana (a felony for guideline purposes). Finally, three (3) levels are deducted for acceptance of responsibility, thereby making the total offense level (TOL) 21.

As this section addresses defendant's position regarding his Guideline Sentencing Range without reference to departures, Mr. Campbell agrees with the Probation Officer that with a total offense level of 21, and a CHC of IV, his GSR is 57-71 months. Mr. Campbell renews his objection to the use of Application Note 3(C) to U.S.S.G. § 5G1.3 in support of the position that Mr.

Campbell's federal sentence should be served consecutive to the state sentence currently being served for a probation revocation (PSR ¶ 99). While it is true that the Sentencing Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation, recommendations in the Application Notes were advisory even when the Guidelines themselves were mandatory. In light of the fact that application of the Guidelines as a whole is now advisory, the weight to be given to a recommendation in the Application Notes is lessened even further. Mr. Campbell respectfully suggests that any sentence imposed in this case should be served concurrent with the state sentence he is currently serving.

**II.     Mr. Campbell Should Be Given a "Downward Departure" to Reduce Whatever Sentence is Imposed on Him by the Amount of Time Served Between July 21, 2005 (the Date of Defendant's Arrest by Federal Authorities) until the Date of Sentencing**

It is Mr. Campbell's position that a departure should be given to reduce whatever sentence the Court imposes by the amount of time served between July 21, 2005 (the date of defendant's arrest by Federal authorities) until the date of sentencing. As grounds for this suggestion, defendant states that he has been incarcerated since May 19, 2005 on a state probation violation (for which he was sentenced to four to six years on March 3, 2006). Mr. Campbell's arrest in this case – and the pendency of this Indictment – was made know to and considered by the state judge who sentenced him on the probation violation. Absent this probation violation and state incarceration, Mr. Campbell would have been detained on the instant federal matter, and would be receiving credit

toward any sentence of imprisonment imposed by this Court. Therefore, Mr. Campbell respectfully suggests that a departure should be granted to effectively "credit" him for this time served.

**III.    Mr. Campbell's Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)**

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker / United States v. Fanfan, 125 S.Ct. 738 (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a). Defendant therefore submits that a sentence of forty-five (45) months[1] is appropriate.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." United States v. Myers, 2005 U.S. Dist. LEXIS 1342 (S. D. Iowa Jan. 26, 2005) (citing United States v. Ranum, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12). Section 3553(a)(1), however, requires a Court

---

[1] Defendant contends that the Court should "depart" downward from a sixty (60) month sentence to give him credit for the time he has been incarcerated since his arrest on federal charges (July 21, 2005). Therefore, it is Mr. Campbell's position that the period of time between July 21, 2005 and October 30, 2006 should be subtracted from a sixty (60) month sentence to calculate the actual sentence left to serve – forty-five (45) months.

to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence. As explained more fully below, a sentence of forty-five (45) months is therefore appropriate and adequate.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. As noted in the PSR, Mr. Campbell had a very difficult childhood. His mother died in a car accident when he was only two years old, and his father was incarcerated for most of his childhood (¶ 58). As a result of effectively losing both his parents, Mr. Campbell went from home to home as a child. He reports living with his maternal grandmother for about four years, his "step-mother" for about two years, and his half-brother for about two years (¶ 59). Additionally, Mr. Campbell spent time in various DSS placements (¶ 59). In or about 1990, Mr. Campbell ran away from a DSS foster home where he was being physically abused; from 1990 until he was committed to the custody of DYS at age 17, he lived with his father (¶ 60). Mr. Campbell served his first adult sentence of incarceration at age 19, and has spent the majority of his adult years incarcerated (¶ 60).

Mr. Campbell's father passed away in 2001 (¶ 61). His younger brother, Andre, is detained in state custody at the Cambridge Jail in Cambridge, Massachusetts (¶ 63). Mr. Campbell's sister, Andrea, is very supportive of Mr. Campbell, and has made it known that she will do whatever she can to help her brother in the future. Despite his problems, Ms. Campbell describes her brother as being a "good person" who is "loving" and "friendly." (¶ 67).

Given Mr. Campbell's upbringing and home situation, it is not surprising that as a child he was involved in counseling through the court system, his school, and DYS (¶ 73). Additionally, Mr. Campbell began to consume alcohol and smoke marijuana at the age of fourteen (¶ 76). At the time

of his arrest on the instant offense (March 19, 2005), Mr. Campbell was getting drunk four or five times per week, and was smoking between eight and twelve marijuana cigarettes each week (¶ 76).

The nature and circumstances of the offense also warrant a sentence of forty-five (45) months. Mr. Campbell acknowledges that the offense for which he is about to be sentenced is serious. Further, however, Mr. Campbell notes that while he is before this court to be sentenced in this case only, the totality of his circumstances (his probation violation and his cases in Middlesex Superior Court) mean that his crimes have and will be dealt with in the courts of the Commonwealth as well as in this court.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence of forty-five (45) months would adequately take these four factors into consideration.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is Mr. Campbell's position that a sentence of forty-five (45) months does reflect the seriousness of the offense and provides just punishment. This is particularly true given the fact that Mr. Campbell has been sentenced to four (4) to six (6) years for his probation violation in state court, and still has

outstanding cases in Middlesex Superior Court. Mr. Campbell faces a substantial amount of jail time as a result of this collective situation.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. A sentence of forty-five (45) months affords adequate deterrence to criminal conduct for Mr. Campbell. This is particularly true given the fact that Mr. Campbell has been sentenced to four (4) to six (6) years for his probation violation in state court, and still has outstanding cases in Middlesex Superior Court. Mr. Campbell faces a substantial amount of jail time as a result of this collective situation, and will be deterred from future criminal conduct.

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. As noted above, Mr. Campbell faces substantial jail time as a result of this case and his state cases; as a result, he will have plenty of time to reflect on his actions and plan for a productive future. Mr. Campbell is a young man who has had a very difficult life, but he is committed to doing the right thing in the future and looks forward to beginning his adult life outside the confines of the prison system after he has served his time on the current state and federal cases. The concern that the public needs to be protected from potential further crimes of the defendant is minimal in this situation.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. A sentence of forty-five (45) months would be more than adequate for Mr. Campbell to receive vocational training and substance abuse treatment.

Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release, defendant suggests that a sentence of forty-five (45) months is appropriate.

                              Respectfully submitted,
                              **ALVIN CAMPBELL**
                              By his attorney,


                              /s George F. Gormley
                              George F. Gormley
                              ***George F. Gormley, P.C.***
                              755 East Broadway
                              South Boston, MA 02127
                              (617) 268-2999
                              BBO# 204140


**Dated**:	October 26, 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 26, 2006.

                              /s George F. Gormley
                              _____
                              George F. Gormley